# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1311V

|  |  |
|---|---|
| KEVIN W. CRAIG,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: April 24, 2026 |

*Joseph G. Muzic, Jr., Saidis, Shultz & Fisher, Mechanicsburg, PA, for Petitioner.*

*Lauren Kells, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On August 15, 2023, Kevin W. Craig filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that as a result of an influenza ("flu") vaccine received on October 21, 2021, he suffered a shoulder injury related to vaccine administration ("SIRVA") as defined on the Vaccine Injury Table (the "Table"). Petition, ECF No. 1. The case was assigned to the Special Processing Unit of the Office of Special Masters (the "SPU").

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Entitlement was decided in Petitioner's favor. But because the parties could not informally resolve the issue of damages, they were ordered to file briefs setting forth their respective arguments and were notified that I would resolve this dispute via an expedited "Motions Day" hearing, which ultimately took place on April 24, 2026.

Petitioner seeks an award of **$195,000.00** in compensation for Petitioner's pain and suffering. Respondent recommends an award of **$117,500.00.**

After listening to the arguments of both sides, I issued an oral ruling on damages constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A), at the conclusion of the hearing. An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded. As discussed during my oral ruling, in another recent decision I discussed at length the legal standard to be considered in determining damages and prior SIRVA compensation within SPU. I fully adopt and hereby incorporate my prior discussion in Sections I and II of *Staub v. Sec'y of Health & Hum. Servs.*, No. 23-1611V, 2026 WL 800520 at *1 – 3 (Fed. Cl. Spec. Mstr. Mar. 4, 2026) to the instant ruling and decision. Additionally, the official recording of my oral ruling includes my discussion of various comparable cases as well as specific facts relating to Petitioner's medical history and experience that further informed my decision awarding damages herein.

Based on my consideration of the complete record as a whole and for the reasons discussed in my oral ruling, pursuant to Section 12(d)(3)(A), **I find that $135,000.00 represents a fair and appropriate amount of compensation for Petitioner's actual pain and suffering.[3]**

Accordingly, **I award Petitioner a lump sum payment of $135,000.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner**. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

The Clerk of Court is directed to enter judgment in accordance with this Decision.[4]

---

[3] Since this amount is being awarded for actual, rather than projected, pain and suffering, no reduction to net present value is required. *See* Section 15(f)(4)(A); *Childers v. Sec'y of Health & Hum. Servs.*, No. 96-0194V, 1999 WL 159844, at *1 (Fed. Cl. Spec. Mstr. Mar. 5, 1999) (citing *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master