# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 23-1311V**

KEVIN W. CRAIG,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: September 21, 2026

*Joseph G. Muzic, Jr., Saidis, Shultz & Fisher, Mechanicsburg, PA, for Petitioner.*

*Lauren Kells, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 15, 2023, Kevin W. Craig filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"). Petitioner alleges that as a result of an influenza vaccine received on October 21, 2021, he suffered a shoulder injury related to vaccine administration, as defined on the Vaccine Injury Table. Petition, ECF No. 1. On April 24, 2026 I issued a decision awarding compensation to Petitioner. ECF No. 59.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $51,520.55 (representing $50,112.50 in fees plus $1,408.05 in costs). Motion for Attorneys' Fees and Costs ("Motion") filed August 3, 2026, ECF No. 66. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 66-4.

Respondent reacted to the motion on August 14, 2026, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Response at 2-4, ECF No. 67. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, as explained below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

**ATTORNEY FEES**

Petitioner has requested an hourly rate of $475.00 for work performed between 2022-26 by attorney Joseph Muzic. Petitioner represents that Muzic has been a licensed attorney since 1989, and was admitted to the Court in 2023. I find this requested rate to be reasonable for time billed between 2023-26, and it shall be awarded herein.

The rate for 2022, however, requires an adjustment. It appears that Mr. Muzic was not licensed to practice in the Court of Federal Claims prior to 2023. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013). As such, the time billed in 2022 shall compensated at non-attorney rates - $177.00 per hour. This rate is more in line to that of a supporting paralegal in the Vaccine Program. This results in an additional reduction of the attorney fees requested in amount of **$655.60.**[3]

In addition, some time spent on the matter was not adequately shown to be reasonable. It is well established that block-billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored in the Program. See *Broekelschen v. Sec'y of Health & Hum. Servs*., 07-137V, 2008 WL 3903710 (Fed. Cl. Spec. Mstr. Dec 15, 2006). Ultimately, several tasks lumped together with one-time entry frustrates the court's ability to assess the reasonableness of the request. In determining the amount of reasonable hours, a special master has discretion to exclude hours expended that are "'excessive, redundant, or otherwise unnecessary'" based on his or her experience or judgment." *Hocraffer v. Health & Hum. Servs.*, No. 99-533V, 2011 WL 6292218, at *3 (Fed. Cl. Nov. 22, 2011). Additionally, The Vaccine Program's Guidelines for Practice state, "[e]ach task should have its own line entry indicating the amount of time spent on that task." [4]

---

[3] This amount is calculated as follows: $475 - $177 = $298 x 2.20 hrs = $655.60.

[4] The Guidelines for Practice can be found at the link below. Please refer to page 76: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

In addition, Mr. Muzic billed multiple tasks in this matter at his regular rate of $475.00 for work more properly categorized as paralegal tasks.[5] Although the work performed was reasonable, it must be billed at non-attorney rates due to the nature of the task performed. It is well established in the Program that "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

Upon review it appears that the paralegal billing was combined with other tasks, making it difficult to differentiate how much time is billed for each task.[6] Ultimately, several tasks lumped together with one-time entry frustrates the court's ability to assess the reasonableness of the request. In determining the amount of reasonable hours, a special master has discretion to exclude hours expended that are "'excessive, redundant, or otherwise unnecessary'" based on his or her experience or judgment." *Hocraffer v. Health & Hum. Servs.*, No. 99-533V, 2011 WL 6292218, at *3 (Fed. Cl. Nov. 22, 2011). Additionally, The Vaccine Program's Guidelines for Practice state, "[e]ach task should have its own line entry indicating the amount of time spent on that task."[7]

Here, such an overall percentage cut is reasonable, and preferrable to a time-consuming line-by-line review of the bill. I therefore reduce the total fees to be awarded herein by five percent as a fair adjustment to account for the paralegal tasks and block-billing issues mentioned. Application of the foregoing reduces the total amount of fees to be awarded by **$2,472.85**.[8]

---

[5] Entries considered paralegal in nature include drafting requests for medical records, following up on medical records requests, bate stamping documents, drafting basic documents such as an exhibit list, PAR Questionnaire, notice of filing, statement of completion, cover sheet, and joint notices not to seek review. See billing entries dated: 05/03/2023; 10/24/2023; 12/12/2026, 12/13/2023; 04/18/2024; 04/29/2024. ECF No. 66-2 at 2-4. This is not an exhaustive list.

[6] Examples of block billed tasks billed on the following dates; 07/28/2023, 09/11/2023; 10/05/2023; 04/04/2024; 01/15/2025; 04/17/2025; 06/11/2026. ECF No. 66-2 at 2-10. This is not an exhaustive list.

[7] The Guidelines for Practice can be found at the link below. Please refer to page 76: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

[8] This amount is calculated as follows: the reduced rate of $49,456.90 x 0.05 = $2,472.845.

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all other claimed costs. ECF Nos. 66-6 through 66-15. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable, and award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $48,392.10 (representing $46,984.05 in fees plus $1,408.05 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[9]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.